# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TAYLOR D. CLINES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:18-cv-153-NAB |
| v. ) | |
| ) | |
| SPECIAL ADMINISTRATIVE BOARD ) | |
| TRANSITIONAL SCHOOL DISTRICT ) | |
| of the CITY OF SAINT LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Currently before the Court is Defendants' Motion to Deem Requests for Admissions Propounded on Plaintiff Admitted (Doc. 35), and Plaintiffs' Motion to Withdraw Admissions and/or for Extension of Time to Respond to Defendants' Requests for Admission (Doc. 36).

**I.  Background**

On December 4, 2018, defense counsel emailed their Requests for Admission to Plaintiffs' counsel. Plaintiffs responded to the Requests for Admission on January 4, 2019. Defendants assert that under Rule 36 of the Federal Rules of Civil Procedure, Plaintiffs' response was due on January 3, 2019, and because the response was not timely, Plaintiffs must be deemed to have admitted every statement in the Requests for Admission. Plaintiffs acknowledge that they responded one day late, and explain that the computer program on which they rely to calculate deadlines miscalculated the date. Plaintiffs' further state that, in an effort to resolve this matter without Court intervention, they conferred with defense counsel Geri Lynn Arrindell regarding this dispute and were informed that she "was unable to consent to the filing of [Plaintiffs' instant motion] at that time."

## II. Legal Standard

Federal Rule of Civil Procedure 36(a) provides in pertinent part that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) . . . [a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection. . . [and a] shorter or longer time for responding may be stipulated to . . . or be ordered by the court" Fed. R. Civ. P. 36(a). Fed. R. Civ. P. 36(b) provides that "the Court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the Court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

## III. Discussion

As is clear from a plain reading of the Rule, admissions which do not receive a timely response may be deemed admitted upon a motion to the Court. Nevertheless, the Court "in its discretion, may permit the filing of an answer that would otherwise be untimely." *Gutting v. Falstaff Brewing Corp.*, 720 F.2d 1309, 1312 (8th Cir. 1983). Therefore, "the failure to respond in a timely fashion does not require the court to automatically deem all matters admitted." *Id*. As a general proposition, "[i]t does not further the interests of justice to automatically determine the issues in a lawsuit . . . against a party because a deadline is missed." *American Petro, Inc., v. Shurtleff*, 159 F.R.D. 35, 36 (D. Minn. 1994).

The first prong of the two-prong test in Rule 36(b) directs the court to analyze whether permitting withdrawal of the admissions would promote the moving party's ability to have the case heard on the merits. Fed. R. Civ. P. 36(b). As Plaintiffs persuasively argue, when a material

2

fact is contested, considering the fact to be admitted precludes, rather than promotes, presentation of the case on the merits. *See FDIC v. Prussia*, 18 F.3d 637, 640 (8th Cir. 1994). The Court finds that factor one of Rule 36(b)'s two-prong test weighs in favor of granting Plaintiffs' motion to withdraw the admissions.

Prong two of the Rule 36(b) test requires a showing of prejudice to the nonmoving party, and that party bears the burden of proving that granting the motion would prejudice him. Fed. R. Civ. P. 36(b). The prejudice contemplated by Rule 36(b) "relates to the difficulty a party may face in proving its case because of a sudden need to obtain evidence required to prove the matter that had not been admitted." *Gutting*, 710 F2d at 1314. Defendants have made no argument concerning how they may be prejudiced by Plaintiffs' late response, and the Court cannot conceive of any possible prejudice that could befall Defendants if Plaintiffs' motion were granted. Discovery is ongoing and is not set to close until July 2019, and trial is not set until November 2019. There remains ample time to investigate the facts during the completion of discovery. The Court concludes, therefore, that factor two also weighs in favor of granting Plaintiffs' motion. Thus, Plaintiffs' motion will be granted and Defendants' motion to deem admitted its requests for admission will be denied. The Court notes that Plaintiffs' seek to either withdraw the admissions or, in the alternative, for an extension of time until January 4, 2019, in which to respond, so that their responses may be deemed timely. The Court will grant the alternative request for extension of time, and will deem their responses timely.

The Court encourages defense counsel to bear in mind that litigation is not an exercise in catching one's opponent in some technical misstep to secure advantage. It is a search for truth and justice, and the procedural rules are meant to facilitate that search, not impede it. This Court does

3

not favor attempts to reduce these procedures to a game of "Gotcha!"

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Deem Requests for admission Propounded on Plaintiff Admitted, (Doc. No. 35) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Withdraw Admissions and/or for Extension of Time to Respond to Defendants' Requests for Admission (Doc. No. 36) is **GRANTED**. Plaintiffs' request for extension of time to respond is granted, and their responses of January 4, 2019, are hereby deemed timely.

Dated this 31st day of January, 2019.

/s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE