UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAYLOR D. CLINES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-153 NAB |
| | ) | |
| ST. LOUIS PUBLIC SCHOOLS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Seal or Strike Exhibit. [Doc. 125.] Defendants Special Administrative Board of the Transitional School District of the City of St. Louis ("SAB") and Thamous Wooten filed a response consenting to the motion to seal and opposing the motion to strike the exhibit. [Doc. 126.]

On December 17, 2019, Defendants SAB and Wooten filed a motion for summary judgment. [Doc. 120.] Exhibit 3, filed in support of the motion, contains documents that include Plaintiff Tyler Clines' social security number and birth date. Local Rule 2.17 requires the redaction of social security numbers and dates of birth in public filings with the court. E.D.Mo. L.R. 2.17. Defendants assert that their inclusion without redaction was an error and consent to the motion to seal. Therefore, the Court will grant the motion to seal Exhibit 3 in its entirety[1].

Plaintiffs then alternatively request that the Court strike Exhibit 3, because its contents are not relevant to this cause of action. The Court may strike from a pleading an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Because the rule is stated in the permissive, it has always been understood that district courts

---

[1] Exhibit 3 was sealed on the date the motion was filed to prevent disclosure during the consideration of the motion to seal.

enjoy liberal discretion in granting the motion. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). "Despite this broad discretion however, striking a party's pleadings is an extreme measure, and as a result [the court] has previously held that motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Id.* "A matter is immaterial or impertinent when the matter is not relevant to the resolution of the pending issue." *Century Sur. Co. v. Royston Enterprizes, LLC*, No. 4:15-CV-152 RLW, 2015 WL 4635309 at *2 (E.D. Mo. Aug. 3, 2015) (citing *Schmidt v. Hosley Int'l, Inc.,* No. 4:15–CV–614–CEJ, 2015 WL 4134338, at *2 (E.D. Mo. July 8, 2015) (citation omitted)). "Matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation." *Id.* (citing *Haynes v. BIS Frucon Eng'g, Inc.,* No. 4:08–CV–701 CAS, 2008 WL 4561462, at *1 (E.D. Mo. Oct. 10, 2008)). The information need not be strictly relevant to the cause of action and may be used to provide context and background to a plaintiff's suit or pertain to the object of the suit. *Stanbury,* 221 F.3d at 1063.

Because the Court has granted the motion to seal, the Court will deny the alternative motion to strike as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Seal or Strike Exhibit is **GRANTED in part** and **DENIED as moot in part**. [Doc. 125.] Plaintiffs' Motion to Seal is **GRANTED** and the Clerk of Court shall seal Exhibit 3 in its entirety. [Docs. 122-3, 122-4, 122-5.] Plaintiffs' Motion to Strike Exhibit is **DENIED as moot**.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of March, 2020.